IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00117-CV

 

Unifund CCR Partners Assignee 

of Wachovia Natl Conv,

                                                                                    Appellant

 v.

 

Michael W. Tarrant,

                                                                                    Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 05-11-29805BCCV

 



MEMORANDUM  Opinion



 








            The parties’ joint motion to dismiss
this appeal is granted.  See Tex.
R. App. P. 42.1(a).  Pursuant to the motion, costs are taxed against
Appellant.  Id. 42.1(d).

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 14, 2007

[CV06]






has an
unleased mineral interest, for fraud, violations of the Deceptive Trade
Practices Act, and an accounting.

On original
submission, we reversed the jury’s fraud and DTPA findings and we modified the
judgment by deleting awards for attorney’s fees, additional damages under the
DTPA, and pre-judgment interest.  See Bomar Oil & Gas, Inc. v. Loyd, No.
10-08-00016-CV, 2009 Tex. App. LEXIS 5505 (Tex. App.—Waco July 15, 2009, no pet. h.) (mem. op.).  We also reduced the amount of actual
damages by $1,000.  Id.  We
did not address the jury’s award of $1,000 for Loyd’s share of oil separated
into tanks at Williams Common Point.  Id.

In his motion
for rehearing, Loyd urges us to reform our judgment to include the $1,000
award.[1] 
He argues that BoMar failed to attack the award on appeal.  BoMar responds that:
(1) it was unnecessary to attack the award because the trial court awarded
damages based on DTPA/fraud; (2) Loyd offers no support for his position that
the trial court should have rendered judgment based on this award; and (3) the
award is “not readily associated with any recognizable cause of action;”
therefore, it is immaterial and should be disregarded.

The award appears to be a part of Loyd’s
accounting action.  See Byrom
v. Pendley, 717 S.W.2d
602, 605 (Tex. 1986) (A cotenant may “extract
minerals from common property without first obtaining the consent of his cotenants; however,
he must account to them on the basis of the value of any minerals taken,
less the necessary and reasonable costs of production and marketing.”); see also Cox v. Davison,
397 S.W.2d 200, 201-03 (Tex. 1965).  At trial, Loyd testified that gas
contains free liquids, such as oil and water, which travel down the pipeline to
the Williams Common Point.  Several wells feed into the Williams Common Point. 
The liquids are separated, stored in a tank, and sold.  BoMar’s expert witness
Don Kirsch testified that if the volume can be determined, Loyd is entitled to
his proportionate share of these liquids.  BoMar’s President L.B. Preston
testified that Loyd should have been credited for the liquids, although it
would be an “insignificant” amount.  Based on information from the Railroad
Commission admitted into evidence, Loyd explained that the Dodge should be
credited for a total of $71,517, of which he is entitled to $21,852.  Loyd’s expert Edward Zeigler testified
that Loyd is entitled to approximately $5,000 for these liquid hydrocarbons.   

Loyd is entitled to his proportionate
share of any oil from the Dodge Well that is separated into the tanks at
Williams Common Point and the jury so found.  The jury’s award of $1,000 in
damages is supported by the record.  Accordingly, we grant Loyd’s motion for
rehearing in part.  We withdraw the judgment dated July 15, 2009 and replace it
with a judgment issued contemporaneously with this opinion on rehearing. We
modify the trial court’s judgment to reflect
that Loyd should recover under his claim for an accounting and by deleting the
awards of $200,000 in
additional damages under the DTPA, $61,823 in trial attorney’s fees under the
DTPA, $20,000 in appellate attorney’s fees under the DTPA, and $19,779.36 in
pre-judgment interest.  We
affirm the judgment as modified.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray dissenting, in part, with a note)*

Affirmed as
modified

Opinion
delivered and filed October 14, 2009

[CV06]

 

*           (Chief
Justice Gray dissented, in part, to the Court’s prior judgment with a note to
the original opinion.  That dissent, relating to the denial of prejudgment
interest, has not been withdrawn.  He also notes that he would allocate costs
in accordance with Rule 139.  See Tex.
R. Civ. P. 139.)

 

 









[1]               Loyd also challenges our
reversal of the prejudgment interest award.  We deny Loyd’s motion for
rehearing on this issue.